IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OAKLEY, INC., a Washington corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>SUNRAYZ, a South Carolina corporation,<br><br>            Defendant. | Case No. 15CV1582 BEN (BLM)<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**<br><br>[Docket No. 10] |

Plaintiff Oakley, Inc. moves for entry of default judgment and seeks leave to conduct limited discovery as to Defendant Sunrayz's profits from the sale of its infringing products for purposes of calculating damages.[1]  For the reasons outlined below, Oakley's Motion is **GRANTED**.

## BACKGROUND[2]

Oakley asserts claims for patent infringement for Sunrayz's infringement of numerous Oakley patents through the manufacture, use, sale, offer for sale,

---

[1] Oakley also seeks an award of attorneys' fees and costs.  The Court has given Oakley leave to file a separate motion for attorneys' fees and costs addressing its entitlement to fees with supporting documentation.

[2] The Court provides only a very brief summary of the detailed allegations of the Complaint.

and importation of Sunrayz infringing products. Oakley additionally asserts that Sunrayz infringes Oakley's trade dress and has engaged in unfair competition as to its HOLBROOK sunglasses.

Sunrayz has not answered the Complaint. On November 17, 2015, the Clerk entered default against Defendant Sunrayz. (Docket No. 8.)

## DISCUSSION

### I. Default Judgment

Once default has been entered by the clerk, it is within the district court's discretion to grant default judgment against that party. Fed. R. Civ. P. 55(b)(2); *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). When considering default judgment, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987) (citations omitted); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

The Court may consider the factors articulated in *Eitel* when determining whether to grant default judgment: (1) the merits of the plaintiff's substantive claim; (2) the sufficiency of the complaint; (3) the possibility of a dispute concerning material facts; (4) the possibility of prejudice to the plaintiff; (5) the sum of money at stake in the action; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. 782 F.2d at 1471-72.

Here, all of the *Eitel* factors either weigh in favor of granting default judgment or are neutral. The Complaint states substantive claims for patent infringement under 35 U.S.C. § 271, federal trade dress infringement, unfair competition, and false designation of origin under 15 U.S.C. § 1125(a), and unfair competition under California Business and Professions Code § 17200.

There is little possibility of dispute concerning material facts because all well-pleaded facts in the complaint, except those relating to damages, are taken as true upon entry of default. *See Televideo*, 826 F.2d at 917-18. In addition, Oakley has specifically identified which of its products are infringed and by which of Sunrayz's products. Oakley will be prejudiced if default judgment is not entered because it has no other means of recovery from Sunrayz. The sum of money at stake is unknown at this point. However, even if the sum were significant, it is unlikely the Court would deny default judgment on that basis alone. There is nothing before the Court that would suggest that the lack of response from Sunrayz was the result of excusable neglect. As to the strong policy favoring decisions on the merits, Sunrayz's failure to answer Oakley's Complaint makes a decision on the merits impossible.

Accordingly, Oakley's Motion for Default Judgment is **GRANTED**. Judgment is entered in favor of Oakley on the claims asserted in the Complaint.

## II.     Permanent Injunction

The Court additionally **GRANTS** Oakley's request for a permanent injunction to enjoin Sunrayz's infringing activities as follows:

1.     Sunrayz and its officers, agents, and employees and all those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are hereby permanently enjoined and restrained from directly or indirectly infringing Oakley's United States Patent No. D653,699 ("the D699 Patent") in violation of 35 U.S.C. § 271 by making, using, selling, offering for sale and/or importing products which are covered by the claim of the D699 Patent, including but not limited to Defendant's *11321* model sunglasses, or any product that is merely a colorable variation thereof, during the term of the D699 Patent;

2.     Sunrayz and its officers, agents, and employees and all those persons in active concert or participation with them who receive actual notice of

this order by personal service or otherwise, are hereby permanently enjoined and restrained from directly or indirectly infringing Oakley's United States Patent No. D547,794 ("the D794 Patent") in violation of 35 U.S.C. § 271 by making, using, selling, offering for sale and/or importing products which are covered by the claim of the D794 Patent, including but not limited to Defendant's *10508*, *XR10002*, *10787*, *10853*, *10677*, and *10532* model sunglasses, or any product that is merely a colorable variation thereof, during the term of the D794 Patent;

3.  Sunrayz and its officers, agents, and employees and all those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are hereby permanently enjoined and restrained from directly or indirectly infringing Oakley's United States Patent No. D554,689 ("the D689 Patent") in violation of 35 U.S.C. § 271 by making, using, selling, offering for sale and/or importing products which are covered by the claim of the D689 Patent, including but not limited to Defendant's *10508*, *XR10002*, *10787*, *10853*, *10677*, and *10532* model sunglasses, or any product that is merely a colorable variation thereof, during the term of the D689 Patent;

4.  Sunrayz and its officers, agents, and employees and all those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are hereby permanently enjoined and restrained from directly or indirectly infringing Oakley's United States Patent No. D556,818 ("the D818 Patent") in violation of 35 U.S.C. § 271 by making, using, selling, offering for sale and/or importing products which are covered by the claim of the D818 Patent, including but not limited to Defendant's *10508*, *XR10002*, *10787*, *10853*, *10677*, *10532*, and *10504* model sunglasses, or any product that is merely a colorable variation thereof, during the term of the D818 Patent;

*1*           5.    Sunrayz and its officers, agents, and employees and all those
*2* persons in active concert or participation with them who receive actual notice of
*3* this order by personal service or otherwise, are hereby permanently enjoined
*4* and restrained from directly or indirectly infringing Oakley's United States
*5* Patent No. D564,571 ("the D571 Patent") in violation of 35 U.S.C. § 271 by
*6* making, using, selling, offering for sale and/or importing products which are
*7* covered by the claim of the D571 Patent, including but not limited to
*8* Defendant's *11343*, *11083*, *10792*, and *10009* model sunglasses, or any product
*9* that is merely a colorable variation thereof, during the term of the D571 Patent;

*10*           6.    Sunrayz and its officers, agents, and employees and all those
*11* persons in active concert or participation with them who receive actual notice of
*12* this order by personal service or otherwise, are hereby permanently enjoined
*13* and restrained from directly or indirectly infringing Oakley's United States
*14* Patent No. D612,413 ("the D413 Patent") in violation of 35 U.S.C. § 271 by
*15* making, using, selling, offering for sale and/or importing products which are
*16* covered by the claim of the D413 Patent, including but not limited to
*17* Defendant's *10869*, *10632*, and *10510* model sunglasses, or any product that is
*18* merely a colorable variation thereof, during the term of the D413 Patent;

*19*           7.    Sunrayz and its officers, agents, and employees and all those
*20* persons in active concert or participation with them who receive actual notice of
*21* this order by personal service or otherwise, are hereby permanently enjoined
*22* and restrained from directly or indirectly infringing Oakley's United States
*23* Patent No. D610,603 ("the D603 Patent") in violation of 35 U.S.C. § 271 by
*24* making, using, selling, offering for sale and/or importing products which are
*25* covered by the claim of the D603 Patent, including but not limited to
*26* Defendant's *10869*, *10632*, and *10510* model sunglasses, or any product that is
*27* merely a colorable variation thereof, during the term of the D603 Patent;

*28*           8.    Sunrayz and its officers, agents, and employees and all those

persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are hereby permanently enjoined and restrained from directly or indirectly infringing Oakley's United States Patent No. D616,920 ("the D920 Patent") in violation of 35 U.S.C. § 271 by making, using, selling, offering for sale and/or importing products which are covered by the claim of the D920 Patent, including but not limited to Defendant's *10869*, *10632*, and *10510* model sunglasses, or any product that is merely a colorable variation thereof, during the term of the D920 Patent;

9. Sunrayz and its officers, agents, and employees and all those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are hereby permanently enjoined and restrained from directly or indirectly infringing Oakley's United States Patent No. D616,919 ("the D919 Patent") in violation of 35 U.S.C. § 271 by making, using, selling, offering for sale and/or importing products which are covered by the claim of the D919 Patent, including but not limited to Defendant's *11346*, *10488*, and *10782* model sunglasses, or any product that is merely a colorable variation thereof, during the term of the D919 Patent;

10. Sunrayz and its officers, agents, and employees and all those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are hereby permanently enjoined and restrained from directly or indirectly infringing Oakley's United States Patent No. D610,604 ("the D604 Patent") in violation of 35 U.S.C. § 271 by making, using, selling, offering for sale and/or importing products which are covered by the claim of the D604 Patent, including but not limited to Defendant's *10488* and *10782* model sunglasses, or any product that is merely a colorable variation thereof, during the term of the D604 Patent;

11. Sunrayz and its officers, agents, and employees and all those persons in active concert or participation with them who receive actual notice of

this order by personal service or otherwise, are hereby permanently enjoined and restrained from directly or indirectly infringing Oakley's United States Patent No. D620,970 ("the D970 Patent") in violation of 35 U.S.C. § 271 by making, using, selling, offering for sale and/or importing products which are covered by the claim of the D970 Patent, including but not limited to Defendant's *10488*, *10782*, and *10957* model sunglasses, or any product that is merely a colorable variation thereof, during the term of the D970 Patent;

12.     Sunrayz and its officers, agents, and employees and all those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are hereby permanently enjoined and restrained from directly or indirectly infringing Oakley's United States Patent No. D659,179 ("the D179 Patent") in violation of 35 U.S.C. § 271 by making, using, selling, offering for sale and/or importing products which are covered by the claim of the D179 Patent, including but not limited to Defendant's *10957* model sunglasses, or any product that is merely a colorable variation thereof, during the term of the D179 Patent;

13.     Sunrayz and its officers, agents, and employees and all those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are hereby permanently enjoined and restrained from directly or indirectly infringing Oakley's United States Patent No. D565,089 ("the D089 Patent") in violation of 35 U.S.C. § 271 by making, using, selling, offering for sale and/or importing products which are covered by the claim of the D089 Patent, including but not limited to Defendant's *10497*, *10835*, *11179*, *10798*, and *XR10102* model sunglasses, or any product that is merely a colorable variation thereof, during the term of the D089 Patent;

14.     Sunrayz and its officers, agents, and employees and all those persons in active concert or participation with them who receive actual notice of

this order by personal service or otherwise, are hereby permanently enjoined and restrained from directly or indirectly infringing Oakley's United States Patent No. D513,275 ("the D275 Patent") in violation of 35 U.S.C. § 271 by making, using, selling, offering for sale and/or importing products which are covered by the claim of the D275 Patent, including but not limited to Defendant's *10507* and *11091* model sunglasses, or any product that is merely a colorable variation thereof, during the term of the D275 Patent;

15.  Sunrayz and its officers, agents, and employees and all those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are hereby permanently enjoined and restrained from directly or indirectly infringing Oakley's United States Patent No. D659,182 ("the D182 Patent") in violation of 35 U.S.C. § 271 by making, using, selling, offering for sale and/or importing products which are covered by the claim of the D182 Patent, including but not limited to Defendant's *11122* and *11069* model sunglasses, or any product that is merely a colorable variation thereof, during the term of the D182 Patent;

16.  Sunrayz and its officers, agents, and employees and all those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are hereby permanently enjoined and restrained from directly or indirectly infringing Oakley's United States Patent No. D581,443 ("the D443 Patent") in violation of 35 U.S.C. § 271 by making, using, selling, offering for sale and/or importing products which are covered by the claim of the D443 Patent, including but not limited to Defendant's *XR10003*, *11703*, and *10829* model sunglasses, or any product that is merely a colorable variation thereof, during the term of the D443 Patent;

17.  Sunrayz and its officers, agents, and employees and all those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are hereby permanently enjoined

1  and restrained from directly or indirectly infringing Oakley's United States
2  Patent No. D581,444 ("the D444 Patent") in violation of 35 U.S.C. § 271 by
3  making, using, selling, offering for sale and/or importing products which are
4  covered by the claim of the D444 Patent, including but not limited to
5  Defendant's *XR10003* model sunglasses, or any product that is merely a
6  colorable variation thereof, during the term of the D444 Patent;

7        18.   Sunrayz and its officers, agents, and employees and all those
8  persons in active concert or participation with them who receive actual notice of
9  this order by personal service or otherwise, are hereby permanently enjoined
10 and restrained from directly or indirectly infringing Oakley's United States
11 Patent No. D569,412 ("the D412 Patent") in violation of 35 U.S.C. § 271 by
12 making, using, selling, offering for sale and/or importing products which are
13 covered by the claim of the D412 Patent, including but not limited to
14 Defendant's *XR10003* model sunglasses, or any product that is merely a
15 colorable variation thereof, during the term of the D412 Patent;

16       19.   Sunrayz and its officers, agents, and employees and all those
17 persons in active concert or participation with them who receive actual notice of
18 this order by personal service or otherwise, are hereby permanently enjoined
19 and restrained from directly or indirectly infringing Oakley's United States
20 Patent No. D659,180 ("the D180 Patent") in violation of 35 U.S.C. § 271 by
21 making, using, selling, offering for sale and/or importing products which are
22 covered by the claim of the D180 Patent, including but not limited to
23 Defendant's *11703* and *10829* model sunglasses, or any product that is merely a
24 colorable variation thereof, during the term of the D180 Patent;

25       20.   Sunrayz and its officers, agents, and employees and all those
26 persons in active concert or participation with them who receive actual notice of
27 this order by personal service or otherwise, are hereby permanently enjoined
28 and restrained from directly or indirectly infringing Oakley's United States

Patent No. D557,325 ("the D325 Patent") in violation of 35 U.S.C. § 271 by making, using, selling, offering for sale and/or importing products which are covered by the claim of the D325 Patent, including but not limited to Defendant's *10781*, *10145*, and *10825* model sunglasses, or any product that is merely a colorable variation thereof, during the term of the D325 Patent;

21.  Sunrayz and its officers, agents, and employees and all those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are hereby permanently enjoined and restrained from directly or indirectly infringing Oakley's United States Patent No. D557,326 ("the D326 Patent") in violation of 35 U.S.C. § 271 by making, using, selling, offering for sale and/or importing products which are covered by the claim of the D326 Patent, including but not limited to Defendant's *10781*, *10145*, and *10825* model sunglasses, or any product that is merely a colorable variation thereof, during the term of the D326 Patent;

22.  Sunrayz and its officers, agents, and employees and all those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are hereby permanently enjoined and restrained from directly or indirectly infringing Oakley's United States Patent No. D572,745 ("the D745 Patent") in violation of 35 U.S.C. § 271 by making, using, selling, offering for sale and/or importing products which are covered by the claim of the D745 Patent, including but not limited to Defendant's *10692* model sunglasses, or any product that is merely a colorable variation thereof, during the term of the D745 Patent;

23.  Sunrayz and its officers, agents, and employees and all those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are hereby permanently enjoined and restrained from directly or indirectly infringing Oakley's United States Patent No. D469,458 ("the D458 Patent") in violation of 35 U.S.C. § 271 by

making, using, selling, offering for sale and/or importing products which are covered by the claim of the D458 Patent, including but not limited to Defendant's *11319* and *10986* model sunglasses, or any product that is merely a colorable variation thereof, during the term of the D458 Patent;

24.  Sunrayz and its officers, agents, and employees and all those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are hereby permanently enjoined and restrained from directly or indirectly infringing Oakley's United States Patent No. D561,813 ("the D813 Patent") in violation of 35 U.S.C. § 271 by making, using, selling, offering for sale and/or importing products which are covered by the claim of the D813 Patent, including but not limited to Defendant's *11075* model sunglasses, or any product that is merely a colorable variation thereof, during the term of the D813 Patent;

25.  Sunrayz and its officers, agents, and employees and all those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are hereby permanently enjoined and restrained from infringing Oakley's HOLBROOK Trade Dress in violation of 15 U.S.C. § 1125(a) by developing, manufacturing, importing, advertising, and/or selling products that use trade dress that is confusingly similar to the HOLBROOK Trade Dress, including but not limited to Defendant's *11102* model sunglasses, or any product that is merely a colorable variation thereof;

26.  Sunrayz shall pay to Oakley its total profits, or alternatively at Oakley's election, statutory damages, from the sales of its *11321*, *10508*, *XR10002*, *10787*, *10853*, *10677*, *10532*, *10504*, *11343*, *11083*, *10792*, *10009*, *10869*, *10632*, *10510*, *11346*, *10488*, *10782*, *10957*, *10497*, *10835*, *11179*, *10798*, *XR10102*, *10507*, *11091*, *11122*, *11069*, *XR10003*, *11703*, *10829*, *10781*, *10145*, *10825*, *10692*, *11319*, *10986*, and *11075* model sunglasses (collectively, "Accused Patent Products") pursuant to 35 U.S.C. § 289, in an amount to be

determined by the Court following further briefing;

27. Sunrayz shall pay to Oakley its total profits from the sales of its *11102* model sunglasses ("Accused Trade Dress Product") pursuant to 15 U.S.C. § 1125(a), in an amount to be determined by the Court following further briefing.

## CONCLUSION

Oakley is authorized to conduct limited discovery on Sunrayz in order to determine Sunrayz's total profits from the sales of its Accused Patent Products and Accused Trade Dress Product.

Within 90 days after the entry of this Judgment, Oakley may file a motion seeking total profits with a declaration setting forth a calculation of damages of total profits to be awarded to Oakley against Sunrayz, along with supporting evidence and a motion for attorneys' fees addressing Oakley's entitlement to reasonable attorneys' fees and costs that includes documentation in support.

Oakley shall promptly serve a copy of it on Sunrayz, and file with the Court a proof of service thereof within 10 days thereafter.

This Court retains jurisdiction over this matter for the purpose of making any further orders necessary for the construction of this Judgment, the enforcement thereof, calculation of damages, and an award of attorneys' fees and costs.

**IT IS SO ORDERED.**

Dated: March 21, 2016

Hon. Roger T. Benitez
United States District Judge